**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000814**
**12-SEP-2012**
**08:21 AM**

NO. CAAP-11-0000814

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHONG HUNG HAN, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 10-1-1098)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant Chong Hung Han (**Han**) appeals from the Family Court of the First Circuit's (**Family Court's**) Amended Judgment of Conviction and Sentence (**Judgment**), filed on October 13, 2011.[1]  After a jury trial, Han was convicted of Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (**HRS**) § 709-906 (Supp. 2010), and sentenced to a two-day term of imprisonment, domestic violence intervention, and payment of various fees.

Han raises one point of error on appeal, contending that the Family Court violated Han's constitutional right to testify because it failed to properly advise Han of his right to testify, in accordance with <u>Tachibana v. State</u>, 79 Hawai'i 226, 900 P.2d 1293 (1995), and ensure that Han's waiver of his right to testify was voluntary and knowing.

---

[1]     The Honorable Fa'auuga L. To'oto'o presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Han's point of error as follows:

Tachibana requires that, "in order to protect the right to testify under the Hawai'i Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." Id. at 236, 900 P.2d at 1303 (footnote omitted). Where a defendant's waiver of his or her constitutional right to testify appears in the record, the issue on appeal is whether the defendant's waiver was sufficient to constitute a knowing, intelligent, and voluntary waiver of his or her right to testify. See State v. Merino, 81 Hawai'i 198, 220, 915 P.2d 672, 694 (1996).

In this case, as instructed by the Hawai'i Supreme Court in Tachibana, the Family Court informed Han of his right to testify or not testify before trial commenced and conducted a brief colloquy with Han before the defense rested at trial, to ensure that Han's decision not to testify was his own. See Tachibana, 79 Hawai'i at 237 & n.9, 900 P.2d at 1304 & n.9. Han does not argue that the Family Court's initial advisement was constitutionally infirm. Han argues, however, that the Family Court's end-of-trial colloquy was inadequate because it was conducted with the assistance of an interpreter, it was relatively brief, and Han's responses to the court were simply "yes" or "no." We disagree.

Han does not argue, and there is nothing in the record to indicate, that the interpreter had any problem interpreting the Family Court's colloquy or that Han did not understand the colloquy because it was being interpreted. Han clearly indicated, through his answers to the court's questions, that he knowingly, intelligently, and voluntarily decided not to testify.

Based on the totality of the circumstances, we conclude that the record in this case demonstrates that Han's waiver of his constitutional right to testify was done knowingly, intelligently, and voluntarily.

Accordingly, we affirm the Family Court's October 13, 2011 Judgment.

DATED:  Honolulu, Hawai'i, September 12, 2012.

On the briefs:

John M. Tonaki
Public Defender
Cherylann Miyamoto
Deputy Public Defender
for Defendant-Appellant

Keith M. Kaneshiro
Prosecuting Attorney
Brandon H. Ito
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3